UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CHARLES BROWN | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-123-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Charles Brown, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying Brown's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record and for the reasons stated herein, will deny Brown's Motion for Summary Judgment [R. 10], and grant that of the Commissioner [R. 11.]

**I.**

Brown filed applications for DIB and SSI on October 2, 2008. [Transcript ("Tr.") 109, 116.] He alleges disability, beginning September 26, 2008, due to a back injury at the L5 disc. [Tr. 116, 139]. Brown's applications were denied initially on January 12, 2009 [Tr. 58-59] and upon reconsideration on March 14, 2009 [Tr. 139]. An administrative hearing was conducted before Administrative Law Judge ("ALJ") Donald A. Rising on November 19, 2009. [Tr. 20-57]. During the hearing, the ALJ heard testimony from Brown and Vocational Expert ("VE") Julian

Nadolsky.  At the time of the hearing, Brown was a forty-four-year-old former store assistant manager, punch press operator and welder with a high school equivalent education. [Tr. 14].

In evaluating a claim of disability, an ALJ conducts a five-step analysis.  See 20 C.F.R. § 416.920.[1]  First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. § 416.920(b).  Second, if a claimant does not have a severe impairment, he is not disabled.  20 C.F.R. § 416.920(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix I, he is disabled.  20 C.F.R. § 416.920(d).  Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled.  20 C.F.R. § 416.920(e).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education and past work) prevent him from performing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 416.1520(f).

In this action, at Step 1, the ALJ found that Brown had not engaged in substantial gainful activity since the DIB and SSI application dates. [Tr. 11].  At Step 2, the ALJ found Brown suffered from severe impairments relating to degenerative disc disease of the lumbar spine (being status post surgery), obesity and noninsulin dependent diabetes mellitus. *Id.*  At Step 3,

---

[1]The Sixth Circuit Court of Appeals summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):
> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.
> *Id*. at 474.

2

the ALJ found that Brown's impairments did not meet or medically equal one of the listed impairments. [Tr. 12]. At Step 4, the ALJ determined that Brown possessed the residual functional capacity ("RFC") to perform a restricted range of light level work but could not return to his past relevant work. [Tr. 12-13]. At Step 5, the burden of coming forward with evidence shifted to the Commissioner to identify a significant number of other jobs in the economy Brown could perform. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Here, the ALJ concluded that there were a significant number of jobs in the national economy Brown could perform, based upon the testimony of a vocational expert. [Tr. 14-15]. Accordingly, on January 7, 2010, the ALJ issued an unfavorable decision, finding that Brown was not disabled, and therefore, not eligible for DIB and SSI. [Tr. 14-15]. The Appeals Council declined to review the ALJ's decision on February 25, 2011 [Tr. 1-3] and Brown now seeks judicial review in this Court.

## II.

### A.

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Masanari*, 321 F.3d 611. 614 (6th Cir. 2003). "Substantial evidence" is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*; 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id*. However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id*. Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-390 (6th Cir. 1999).

**B**.

Brown's first argument on appeal is that the ALJ erred by failing to give appropriate weight to the opinion of Michelle Broughton, his treating nurse-practitioner. As a nurse-practitioner, Broughton was not an "acceptable medical source" whose opinion would be considered binding on the ALJ under the federal regulations. 20 C.F.R. § 404.1513. Broughton completed an assessment form indicating that Brown could perform a limited range of light level work, restricted from a full range by an inability to more than occasionally squat, crawl, climb, balance, or reach above shoulder level, a mild need to avoid exposure to dust, fumes and gases, an inability to stand for more than two hours at one time in an eight-hour day or sit for more than four hours in eight-hour day, and a need to occasionally elevate the legs during an eight-hour work day. [Tr. 334-335]. Most of these restrictions were included in the ALJ's RFC, [Tr. 12], and presented to the VE, [Tr. 53-54]. The ALJ did omit the limitation concerning the need to occasionally elevate the legs. However, the ALJ cited a number of reasons why he did not include this restriction-including the lack of support for such a limitation in the medical record such as the absence of abnormal nerve conduction studies of the lower extremity performed by Dr. Victor Abler or abnormal findings upon examination of the foot. [Tr. 13, 346, 353]. The ALJ also noted that Brown himself had appeared unsure as to why this restriction had

4

been included and only noted having foot problems when prompted. [Tr. 13, 43]. No treating or examining physician of record, including the staff at Knox County Hospital [Tr. 240-245], Dr. Omar Chavez [Tr. 256-262], Dr. Abler [Tr. 294-297], Dr. Phillip Tibbs [Tr. 298-317], and Dr. Robert Johnson [Tr. 318-331] indicated the need for such a restriction. The restriction was also not noted by Dr. Alex Guerrero [263-270] and Dr. James Ramsey [Tr. 272-279], the non-examining medical reviewers, each of whom indicated that Brown could perform a restricted range of light work and were essentially consistent with the ALJ's findings. The opinion of Broughton was not ignored but was largely adopted and to the extent it was not adopted, the ALJ cited good reasons for the omission. Thus, the ALJ complied with duty to provide sufficient good reasons for rejecting the opinion of a treating source under the federal regulations at 20 C.F.R. § 416.927(d) and, so, this omission would not require a remand of the action for further consideration even if Broughton were an acceptable medical source. *Wilson v Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Therefore, the court must reject Brown's argument.

## C.

Brown also asserts that the ALJ failed to consider the combined effects of his impairments. However, the plaintiff has not specifically indicated how the ALJ erred on this point. The ALJ found that Brown "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." [Tr. 12]. The ALJ discussed the plaintiff's musculoskeletal problems, obesity and diabetes. [Tr. 11-13]. "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). The RFC adopted by the ALJ fairly depicted

the plaintiff's condition as required by *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777 (6th Cir. 1987). Thus, the ALJ implicitly considered the combined effects of Brown's impairments.

**D.**

Brown argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case of *Gatliff v. Comm'r of Soc Sec.*, 172 F.3d 690 (9th Cir. 1999). However, in *Gatliff*, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. *Id.* at 692. In the present action, Brown has not identified similar evidence suggesting that he would not be able to maintain employment. Therefore, the court must reject the plaintiff's argument.

**E.**

Finally, Brown asserts that he testified credibly concerning his symptoms and pain complaints. Pain complaints are to be evaluated under the standards announced in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Brown was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called *Duncan* test, the claimant does not meet either of the alternative second prongs. As noted by the ALJ, Gina Good, a nurse-pratitioner, noted no acute complaints with regard to his diabetes mellitus. [Tr. 13, 336-355]. Dr.

6

Chavez reported a normal funduscopic examination. [Tr. 13, 258]. While Dr. Tibbs recommended epidural injections for Brown's pain complaints, the record does not indicate that he underwent such treatment. [Tr. 13, 317]. Bilateral Nerve conduction studies of the lower extremities were normal. [Tr. 13, 297]. Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Brown's subjective complaints.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby ordered as follows:

(1)   Plaintiff's motion for Summary Judgment [R. 10] is **DENIED**;

(2)   Defendant's Motion for Summary Judgment [R. 11] is **GRANTED**; and

(3)   **JUDGMENT** in favor of the defendant will be entered contemporaneously herewith.

This 28th day of September, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

7